# ROBERT MARINELLI
ATTORNEY AT LAW
305 BROADWAY, SUITE 1001
NEW YORK, NEW YORK 10007
(212) 822-1427
Facsimile (212) 202-9646

October 22, 2017

**BY ECF**

Honorable Sanket J. Bulsera
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Beaufort et als *v. City of New York, et al.*, 13-CV-7054 (LDH)(SJB)

Your Honor:

    I represent plaintiffs. I write to supplement the parties' joint letter filed on October 20, 2017 to include additional information regarding plaintiffs' efforts to schedule depositions and procure an expert. I apologize for failing to include this information in the parties' prior submission. I provided a copy of this supplement to defense counsel this morning.

Defendant's Depositions

    Over the past three months plaintiffs have made numerous efforts to schedule defendants' depositions. On August 2, 4, 31, September 8, 12, 14 and October 3 plaintiffs requested a schedule for defendants' depositions[1] (See, Exhibits 1-7). Plaintiff provided numerous days of availability and offered to take the depositions of two officers a day. Unfortunately, last week, I came to understand that all defendants could not be produced prior discovery's close.

    Perhaps in error, plaintiffs did not make an earlier motion to compel because: 1.) plaintiffs believed that defendants would appear prior to the discovery deadline; and 2.) to avoid unnecessary jousting with a courteous adversary who appeared to be making a genuine effort. Once plaintiffs recognized there would be an issue, they requested a conference with Your Honor.

    Defendants have taken each plaintiff's deposition. Accordingly, if these depositions are not allowed to go forward, only plaintiff will suffer prejudice. I respectfully ask that plaintiffs not be harmed for their counsel's error.

Plaintiff's Expert

    Plaintiff Shauna Simmons ("Simmons") seeks an expert to assist in explaining the cause and result of a back injury she suffered during this incident. As Simmons's injuries continue, I did not intend to provide expert disclosures until the latter stages of discovery. In late August, I contacted Simmons's treating physician Dr. Erich Anderer ("Anderer"), a neurologist from NYU

---

[1] Notices of depositions were served earlier in the litigation.

Langone Hospital in Brooklyn. At that time I was made to understand that Dr. Anderer would testify as both Simmons's treating and expert physician.[2]

On September 12, Anderer provided an expert report which was inadequate under Rule 26. My understanding was that, in short order, this report would be supplemented. In early October, I learned that Anderer would be out of the country until October 23. However, Anderer's office informs me that they believe that Anderer can supply a report shortly after his return. In the event that Anderer fails to do so, Simmons has a separate expert who can provide an expedited report.

I apologize to Your Honor for my failure to make an earlier application and thank the Court for consideration of my requests.

Respectfully,

/s/

Robert Marinelli

---

[2] If Anderer is unable to testify as an expert, he will still appear as Simmons's treating physician.

2