

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ELIZABETH BARDAUSKIS**
Assistant Corporation Counsel
phone: (212) 356-3159
fax: (212) 356-3509
email: ebardaus@law.nyc.gov

January 18, 2018

**BY ECF**
Honorable Sanket J. Bulsara
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: <u>Beauford, et al. v. City of New York, et al.</u>
           13 CV 7054 (LDH) (SJB)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to represent Defendants City of New York, Officer Benigno Gonzalez, Lt. Paul McKenna, Officer Brett Healy, Officer James Wilson, Sergeant Daniel Casella, Det. Collin Wilson and Officer Thomas Jurewicz (hereinafter "Defendants") in this matter. Defendants write in opposition to Plaintiffs' letter motion dated January 11, 2018, that seeks "certain police documents," namely, NYPD Complaint Follow-Ups ("DD5s") and "audit reports." For the reasons set forth herein, Defendants respectfully request that the Court deny Plaintiffs' motion as moot.

      As to Plaintiffs' motion to compel DD5s," Defendants agree to produce said documents. Defendants note that the NYPD previously undertook an initial search for DD5s but that said search resulted in negative results, of which Plaintiffs' counsel was advised on January 3, 2018. Nonetheless, upon receipt of Plaintiff's motion to compel, and in an abundance of caution, the NYPD undertook a second search for DD5s, as a result of which additional documents pertaining to the investigation into Officer's Wilson's stolen shield was discovered. The oversight in locating the documents appears to have been caused by the inadvertent failure to search for DD5s specific to Plaintiff Arthur Lawyer versus the other two plaintiffs. In any event, Defendants apologize for any inconvenience caused by the oversight and will endeavor to produce the additional investigatory documents, including DD5s, no later than January 26, 2018.

      As to Plaintiffs' motion to compel an "audit report," as an initial matter, Plaintiffs only specifically requested such a report for the first time on or about January 2, 2018, and accordingly, this issue is not ripe for a motion to compel since Defendants have not been given adequate time to respond. In any event, after asking for and receiving clarification of what Plaintiffs are seeking, the undersigned

requested that the NYPD undertake a search for such documents.  To the extent that any such "audit reports" exist, Defendants will produce them by January 26, 2018, as well.

   Based on the foregoing, Defendants respectfully request that this Court deny Plaintiffs' motion, in its entirety, as moot since Defendants agree to produce the sought after documents.

            Respectfully Submitted,

            /s/

            Elizabeth Bardauskis
            *Assistant Corporation Counsel*

cc: Robert Marinelli, Esq.  (By ECF)