**R O B E R T   M A R I N E L L I**
**A T T O R N E Y**
**3 0 5   B R O A D W A Y ,   1 0 T H   F L O O R**
**N E W   Y O R K ,   N E W   Y O R K   1 0 0 0 7**
**( 2 1 2 )   8 2 2 - 1 4 2 7**
Facsimile (212) 202-9646

February 23, 2018

**BY ECF**
Honorable Sanket J. Bulsera
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Beauford et al. v. City of New York, et al.*, 13-CV-7054 (LDH)(SB)

Your Honor:

I represent the plaintiffs and write to respectfully request that the Court issue an order (i) compelling defendants to produce a video purportedly depicting plaintiffs Shauna Simmons and Arthur Lawyer immediately after the underlying incident; and (ii) extending discovery from February 23, 2018 to 30 days after defendants' production of the outstanding discovery for the limited purpose of permitting plaintiffs to re-open the depositions of defendants Colin Wilson and Tomas Jurewicz, and conduct depositions of two other parties and two non-parties. While it is true that there have been a number of requests to extend discovery, the last four such requests all arose from defendants' dilatory discovery practices. (See prior applications attached as Exhibits 1-4).

As an initial matter, plaintiffs were unaware of the existence of the video evidence until January 26, 2018. By way of background, during the course of defendant Colin Wilson's deposition on January 10 plaintiffs first learned that Wilson had authored a series of DD5s, none of which had been produced. Plaintiffs were then forced to move to compel their production, which was made on January 26, 2018. These records conclusively established that the video evidence existed and had been retrieved and viewed by the defendants. Plaintiffs immediately began calling for the production of the video, or an explanation for its absence.[1] See, Exhibit 5.) Defendants have failed to provide either. During the parties' recent discussions, plaintiffs communicated their intention to seek additional time to pursue this line of outstanding discovery. Prior to late yesterday, defendants had indicated that they would consent to any such request. However, late this morning, plaintiffs learned that defendants are opposing their application.

---

[1] Th defendants failed to produce, or even acknowledge, the video in response to the CCRB investigation.

<u>Background and the Missing Video</u>

This case arises from a May 11, 2013, incident occurring in the courtyard in front of plaintiffs' apartment building at 80 Bush Street in Brooklyn. Defendant James Wilson[4] claims that as he struggled with separate civilians, Lawyer entered the scrum and stole his badge. Plaintiffs have produced a separate video depicting the courtyard incident.

The as-yet unproduced video, according to the DD5s, purportedly shows Lawyer and Simmons in an elevator immediately after the incident. This video was recorded by New York City Housing Authority ("NYCHA") Surveillance Cameras. Taken alone, this video will show Lawyer's appearance and demeanor after he supposedly committed this crime. It is an essential piece of evidence when considered in conjunction with the courtyard video, and is vital not just to plaintiffs' case but the larger inquiry into the truth of the issues in dispute.

<u>Defendants Collected, Possessed and Viewed the Video</u>

It is undisputed that in May 2013, a DVD containing the NYCHA video was obtained and later viewed by defendants Colin Wilson and Jurewicz (<u>See DD5s annexed as </u>Exhibits 6-8). It is equally clear that there is no record that this video was ever destroyed, removed from the detective file, or otherwise transferred or sent elsewhere. Nevertheless, defendants are unwilling, or unable, to produce this video.

Initially defendants claimed that they never directly possessed the video (<u>See</u> Exhibit 9), and even offered to provide a sworn affidavit attesting so. (<u>See</u> Exhibit 10). When confronted with incontrovertible evidence to the contrary, defendants abandoned that position, asserting instead that the video cannot be located.

<u>Discovery Requested</u>

Plaintiff seeks to re-open the depositions defendants Colin Wilson and Jurewicz to explore their role in the acquisition of the video, and their actions in terms of viewing and maintaining this videographic evidence. Additionally, plaintiff seeks production of all paperwork indicating the involvement of any NYPD personnel regarding the maintenance, transfer, or storage of the missing video.

<u>Outstanding Depositions</u>

To date, plaintiff has conducted the deposition of five of the seven defendants.

---

[4] There are two defendants with the surname Wilson, James and Colin.

Additionally plaintiff intends to take the deposition of two non-party officers who were involved in the courtyard scrum. The parties had previously agreed to conduct the non-party depositions after the completion of party depositions.

Despite the missing video, in an effort to comply with the Your Honor's order as best as possible, plaintiff attempted to schedule depositions. However, defendants claimed to have had no available days through the end of discovery. (See Exh. 11).

Accordingly, plaintiff requests that Your Honor allow plaintiff to re-open the depositions of defendants Wilson and Jurewicz, order defendants to produce a copy of the missing video, as well as any associated paperwork and allow plaintiff to conduct depositions of the two remaining party and two non-party witnesses.

I thank Your Honor for consideration of this request.

Yours truly,

/s/

Robert Marinelli