

| | **THE CITY OF NEW YORK** | |
|---|---|---|
| **ZACHARY W. CARTER**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **ELIZABETH BARDAUSKIS**<br>*Assistant Corporation Counsel*<br>E-mail: ebardaus@law.nyc.gov<br>Phone: (212) 356-3159<br>Fax: (212) 356-3509 |

February 26, 2018

**BY ECF**
Honorable Sanket J. Bulsara
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   Beauford, et al. v. City of New York, et al.
                13 CV 7054 (LDH) (SJB)

Your Honor:

        I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to represent Defendants City of New York, Detective Benigno Gonzalez, Lieutenant Paul McKenna, Officer Brett Healy, Lieutenant James Wilson, Sergeant Daniel Casella, Det. Colin Wilson and Detective Thomas Jurewicz (hereinafter "Defendants") in this matter. By letter dated February 23, 2018, plaintiffs' counsel, Robert Marinelli, Esq., requests an extension of the February 26, 2018 discovery deadline. (See Civil Docket Sheet Entry No. 64). For the reasons discussed herein, defendants oppose this request and likewise vigorously take issue with the misrepresentations contained in plaintiffs' application.

        As an initial matter, plaintiffs now write that an extension of discovery is necessary in order to re-open the depositions of defendants Detectives Thomas Jurewicz and Colin Wilson, take the depositions of defendants Lieutenant James Wilson and Detective Benigno Gonzalez, depose two additional non-parties[1] (whose names plaintiffs do not provide

---

[1] Plaintiffs once again misstate defendants' position with respect to non-party depositions. Defendants made clear that they would only contemplate the taking of any such non-party depositions once party depositions were conducted. Defendants never represented to counsel that any discovery would take place after the close of formal discovery.

within their application), and to compel certain additional discovery regarding a purported NYCHA video. Contrary to plaintiffs' application, the undersigned did not give her consent to the instant request for an extension of discovery, instead advising counsel when the issue was first raised that she would confer with her office to obtain its position, but that it was not likely, in light of the protracted litigation thus far.

Preliminarily, to suggest that the previous four requests for extensions of discovery resulted from defendants' dilatory discovery practices is patently false. The undersigned filed a notice of appearance in this case on March 8, 2017, more than three years after the lawsuit was commenced. Discovery in this case commenced approximately three years and three months ago, during which time plaintiffs have had ample opportunity to conduct depositions and pursue paper discovery. Since the date of the first scheduling order regarding discovery, on October 27, 2014, a total of seven extensions of the time to complete discovery have been requested by the parties and granted. Based upon a review of the docket, the last four requests for extensions of discovery have been made upon the consent of *both* parties. Thus, plaintiffs' assertion of "dilatory discovery practices" on the part of defendants is nothing more than a poor attempt to shift their latest lack of diligence in prosecuting this mater on defendants.

**Outstanding Depositions**

On January 29, 2018, plaintiffs filed a motion seeking to extend discovery from January 26, 2018 to February 26, 2018, for the purpose of reviewing certain NYPD paperwork that had been produced to plaintiffs on January 26, 2018. Plaintiffs' earlier motion to compel, dated January 11, 2018, was denied by Your Honor as moot by Order dated January 19, 2018, and such production followed. (See Civil Docket Sheet Entry Nos. 61; 63). In response to plaintiffs' motion dated January 29, 2018, by Order dated January 30, 2018, Your Honor granted such extension to February 26, 2018. Despite this, plaintiffs have made no real attempt to notice, subpoena, or otherwise schedule a deposition of any witness whatsoever.

Plaintiffs' email, dated February 13, 2018 and attached to their February 23rd letter application as Exhibit 11, evinces plaintiffs' lack of diligence here. In the email, counsel stated that he wanted to confer to "*possibly* set up depositions for next week." The email, sent approximately eight business days prior to the close of discovery, is hardly proof of any good faith effort on plaintiffs' part to schedule timely depositions. Plaintiffs' counsel can hardly reasonably expect that the undersigned, defendants, and undisclosed non-party officers, would rearrange their schedules in order to accommodate plaintiffs' belated request to *possibly* schedule depositions just eight business days before the close of discovery.[2] Further, plaintiff cannot credibly allege that the depositions were not previously scheduled because of the alleged missing NYCHA video since there is nothing in the record to suggest that either Lt. Wilson or Detective Gonzalez were ever in possession of, or viewed, the video.

---

[2] Moreover, for the Court's information, the undersigned made a number of efforts to schedule Lt. Wilson's and Detective Gonzalez's depositions over the course of discovery and, notably, counsel cancelled the two previously scheduled dates for the deposition of defendant Gonzalez and also never followed up with the undersigned after she provided dates of availability for Lt. Wilson's deposition on December 11 and 12, 2017.

2

Plaintiffs' application is devoid of any colorable explanation for why they have been unable to take the depositions of named defendants Detective Gonzalez and Lt. Wilson, arguably the most important defendant officer to depose, as it was his police shield that was stolen by plaintiff Lawyer, more than four years after the commencement of this litigation. As such, plaintiffs have failed to demonstrate good cause for extending discovery for the purposes of conducting depositions.

**Defendants Are Not In Possession Of The Sought After Video**

With regard to the portion of plaintiffs' letter motion seeking to compel the production of a NYCHA video reflecting plaintiffs Simmons and Lawyer in an elevator after the underlying incident, as plaintiffs have previously been told, defendants are not in possession of the video and, as such, there is nothing to compel. Furthermore, defendants have offered to furnish an affidavit from the NYPD regarding its diligent efforts to locate the purported video. Counsel, however, has summarily dismissed such a proposal; instead, wishing to expend more time, cost and resources, by re-opening the depositions of defendants Jurewicz and Wilson in order to question them about the acquisition and maintenance of the video. Plaintiffs' propounded reasoning for re-opening these depositions is wholly inadequate, especially in light of the facts that the issue of the existence of the video can, and should, be resolved with an affidavit.[3] Simply because plaintiffs are seemingly unsatisfied with defendants' representations and alternatively being furnished an affidavit regarding the video in question does not mean that plaintiffs are entitled to re-open the depositions of defendants Jurewicz and Wilson.

**Non-Party Depositions**

Defendants intend to move for partial summary judgment on all claims, with the exception of the singular excessive force claim brought by plaintiff Simmons. The discovery that plaintiffs intend to elicit from the depositions of the purported non-party witnesses will not have any bearing on defendants' motion for summary judgment nor plaintiffs' opposition to said motion, and would therefore merely cause the parties to expend unnecessary time and incur unnecessary costs. Further, despite the fact that plaintiffs are seeking additional time to take non-party depositions, plaintiffs still have yet to specifically identify, by subpoena or any other such notice, whom they intend to depose and why such testimony is relevant. Therefore, plaintiffs have failed to set forth why discovery should be extended for the purposes of any non-party depositions.

---

[3] Contrary to plaintiffs' erroneous contention, defendants did not "abandon" any position regarding the video. Upon information and belief, the video was either viewed at a NYCHA or was retrieved by NYPD personnel but is no longer in defendants' possession. Plaintiffs cannot point to any documentation that establishes that the video was ever in NYPD's possession. Additionally, while plaintiffs' Exhibit 8 states that the requested video was collected on DVD, it is not clear as to whether any footage of plaintiff Lawyer was actually contained therein and, under "locations of the camera that captured the collected video," the document states that the video was not collected. (See plaintiffs' Exhibit No. 8, previously marked as DEF000771).

Plaintiffs' request for an extension of discovery for the "limited" purposes they articulate within their last-minute February 23, 2018 application should be denied. Defendants thank the Court for its consideration herein.

                                                  Respectfully submitted,

                                                  /s/

                                                Elizabeth Bardauskis
                                                *Assistant Corporation Counsel*
                                                Special Federal Litigation Division

cc:    Robert Marinelli, Esq. (via ECF)
        *Attorney for Plaintiffs*
        305 Broadway, 9th Floor
        New York, NY 10007