UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANTHONY BEAUFORD,
ARTHUR LAWYER,
SHAUNA SIMMONS,

                       Plaintiffs,

                                                                         **ORDER**
         -against-                                           13-CV-7054-LDH-SJB

CITY OF NEW YORK,
JOHN AND JANE DOE 1 THROUGH 10,
OFFICER BENIGNO GONZALEZ,
LT. PAUL MCKENNA,
P.O. BRETT HEALY,
P.O. JAMES WILSON,
SGT. DANIEL CASELLA,
DET. COLLIN WILSON,
P.O. THOMAS JUREWICZ,

                       Defendants.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

       Plaintiffs have filed a motion to compel seeking an order: (1) requiring defendants to produce a video of Plaintiffs Shauna Simmons and Arthur Lawyer; (2) extending the close of discovery for the purpose of (a) permitting plaintiffs to reopen the depositions of Defendants James Wilson and Thomas Jurewicz, (b) conducting depositions of two parties, and (c) conducting depositions of two non-parties.  For the reasons explained below, the motion is granted in part and denied in part.

       Plaintiffs contend that during the deposition of Wilson and subsequent production of DD5 records, they first learned of the existence of relevant video evidence related to the incident at the center of this case.  A document attached to the motion, (Dkt. No. 64, Ex. 6), indicates that Wilson contacted "a NYCHA technician" for a "video record" for May 11, 2013 taken between 4 and 5 pm.  (*Id.*).  Wilson reviewed the video

provided by the NYCHA and in another document provided a description of what the video depicts and does not depict. (Dkt. No. 64, Ex. 7). Wilson indicates that "none of the . . . cameras captured the incident in question." (*Id.*). But Wilson also indicates the cameras did show Simmons and Lawyer after the incident. (*Id.*). It is unclear what Wilson was referring to as the "incident" since the description has observations about whether Lawyer has a "shield in his hand or possession," and whether Lawyer had officer's shield in his possession at any point is a contested fact in this litigation. In any event, the description of the video demonstrates that the video is both pertinent and relevant to the present case, and also discoverable. Exhibit 8 to the motion contains a statement that on May 15, 2013, "[Detective] Meichsner collected the requested video from Jose Chavez." Plaintiffs state they have requested production of the video but have not received it. As a result, and because of the statements in the documents, they wish to re-depose Wilson and Jurewicz.

Defendants respond that they are not in possession of the video. And they oppose the re-opening of the depositions of Wilson and Jurewicz, arguing that in light of their willingness to offer an affidavit regarding the NYPD's search for the video, additional deposition testimony would be either redundant or a waste of time.

Neither side cites to any legal authority in support of its respective positions. In any event, it appears to some degree that the parties are talking past each other in their requests for the video and depositions.

As to the video, Plaintiffs are plainly entitled to the video. Defendants indicated in their emails to Plaintiffs that "upon information and belief" they are not in possession of the video. But the documents suggest that at one point one or more Defendants were in possession of the video. If the officers or the NYPD is not in possession of the video,

they are ordered to provide a declaration from a person with knowledge of the efforts made to locate the video. Any declaration should detail the efforts made to contact NYCHA to obtain the video, since the documents indicate that NYPD first obtained the video from NYCHA.

Had Defendants produced the video, then perhaps it would not be appropriate to allow reopening of the depositions. But they have not produced the video, so Plaintiffs should be permitted to ask Wilson and Jurewicz about the video and what happened to it after the incident. Quite separately, the documents attached to the motion to compel demonstrate that descriptions of the video were provided by these Defendants, and Plaintiffs are entitled to ask about the descriptions; furthermore, these documents were not available at the time of the original depositions and there is good cause to reopen the depositions to ask about documents and facts previously unknown and unavailable.

Plaintiffs are entitled to depose both Officers Wilson and Jurewicz for an additional one hour each; the deposition is limited to the issues related to the video of the incident, including the disposition and location of any video. The close of fact discovery is extended to April 6, 2018 for the sole purpose of permitting these depositions and production of the video, or in the alternative, the submission of a declaration by the Defendants about the efforts to locate it.

Plaintiffs' request to extend the close of discovery to conduct depositions of two party witnesses and two non-party witnesses is denied. Plaintiffs' motion—and their reply—does not mention who these witnesses are, what their relevance to the case is or could be, and why their depositions were not even noticed prior to the close of discovery. There is no good cause to extend the discovery deadline to permit such discovery.

Finally, Plaintiffs' reply brief is stricken. This Court's individual practices do not permit reply briefs in discovery motions.

/s/_____

Sanket J. Bulsara
United States Magistrate Judge

Brooklyn, New York
March 5, 2018