

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

ZACHARY W. CARTER
*Corporation Counsel*

ANGHARAD WILSON
*Senior Counsel*
E-mail: awilson@law.nyc.gov
Phone: (212) 356-2572
Fax: (212) 356-3509

June 15, 2018

**BY ECF**
Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   <u>Beauford, et al. v. City of New York, et al.</u>
           13 CV 7054 (LDH) (SJB)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to represent Defendants City of New York, Detective Benigno Gonzalez, Lt. Paul McKenna, Officer Brett Healy, Lieutenant James Wilson, Sergeant Daniel Casella, Det. Colin Wilson and Detective Thomas Jurewicz (hereinafter "Defendants") in this matter. I write to request a pre-motion conference in this matter for a partial motion for summary judgment.

*Statement of Facts.* On May 11, 2013, around 4:30 p.m., the plaintiffs Anthony Beauford, his father Arthur Lawyer, and his father's girlfriend Shauna Simmons were inside Ms. Simmons' apartment at 80 Bush Street, a multi-unit NYCHA building in Brooklyn. Lieutenant McKenna, Officer Healy, and Officer James Wilson responded to 80 Bush Street, where a fight was underway. After the fight ended, Officer Wilson informed Lieutenant McKenna that an individual had grabbed him and ripped his shield off his uniform. The officers, along with Detective Jurewicz and Colin Wilson, conducted a vertical patrol at 80 Bush Street, and knocked on the door of Apartment 3A, where the plaintiffs were. The officers searched the common areas of the apartment and did not find anything. Additionally, plaintiff Simmons alleges that one of the officers pushed her, causing her to fall backwards into a refrigerator, injuring her back. She was taken to the hospital by ambulance. The officers returned to the apartment, coming in and searching the entire apartment at approximately 9:00 p.m. Plaintiff Beauford was in the apartment. The officers found some marihuana and the missing shield in one of the bedrooms of the apartment. Plaintiff Beauford was arrested based on the recovery of those items. Plaintiff

Simmons arrived back at the apartment soon after, and was also arrested based on the marihuana and missing shield recovered in the apartment. Also on May 11th, Officer Wilson identified plaintiff Lawyer as the individual who took his shield from photos at the precinct. Plaintiff Lawyer turned himself in on advice of his attorney, at which point he was in a line-up. Officer Wilson again identified plaintiff Laywer as the individual who took the shield from the line-up, and plaintiff Lawyer was arrested. The case was presented to the grand jury, which returned no true bill, and the case against plaintiff Lawyer was dismissed on June 28, 2013.

*False Arrest.* An officer has probable cause to arrest a suspect when, at the moment of the arrest, the facts and circumstances within the officer's knowledge would warrant a reasonable officer to conclude that the suspect has committed or is committing a crime. *Vasquez v. McPherson*, 285 F. Supp. 2d 334, 340 (S.D.N.Y. 2003). The presence of probable cause is a complete defense to an action for false arrest under Section 1983. *See Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994). An arrest is justified, and a claim for false arrest must be dismissed, if the facts asserted by plaintiff demonstrate that the arresting officer had probable cause to believe that the suspect committed a crime. *Id.* "If an officer has probable cause to believe that an individual committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

There was probable cause to arrest all three plaintiffs. For plaintiffs Simmons and Beauford, there was probable cause to arrest based on the fact that marihuana and Officer Wilson's badge were found in plaintiff Simmons' apartment. There was probable cause to arrest plaintiff Lawyer based on Officer Wilson's identification of him at a line-up, as well as Officer Wilson's statements regarding his prior interaction with plaintiff Lawyer.

*Malicious Prosecution:* Under New York law, to establish a claim of malicious prosecution, a plaintiff must prove: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997). "If probable cause existed at the time of arrest, it continues to exist at the time of prosecution unless undermined by the discovery of some intervening fact." *Johnson v. Constantellis*, 221 Fed. Appx. 48, 50 (2d Cir. 2007) (internal quotations omitted). There was probable cause to arrest all three plaintiffs, thus there was probable cause to prosecute each of them. Additionally, the case against plaintiff Simmons was adjourned in contemplation of dismissal, which is not considered a favorable termination. *See*, *Shain v. Ellison*, 273 F.3d 56, 68 (2d Cir. 2001). Finally, no legal case against plaintiff Beauford was ever initiated, as the Kings County District Attorney's Office declined to prosecute him.

*Denial of Medical Care:* To establish an unconstitutional denial of medical care in violation of the Fourteenth Amendment To establish a claim for deliberate indifference to a medical need, a plaintiff must allege facts demonstrating both an objective and a subjective element: (1) objectively, a deprivation must be "sufficiently serious," i.e., "a deprivation that presents a condition of urgency, one that may produce death, degeneration, or extreme pain[;]" and (2) subjectively, the defendant officials must act with a reckless indifference, "that is, defendants were aware of plaintiff's serious medical needs and consciously disregarded a substantial risk of

serious harm." *Dzwonczyk v. Syracuse City Police Dep't*, No. 08-CV-0557 (NPM) (DEP), 2008 U.S. Dist. LEXIS 103315, at *38-39 (N.D.N.Y. Dec. 22, 2008) (internal quotation marks and citations omitted). As an initial matter, in order to bring a claim for a denial of medical care, plaintiff must be in custody—which is not what occurred in this matter. The injury plaintiff Simmons alleges she received as a result of this incident occurred when she was not in police custody. Further, while plaintiff alleges that she injured her back from falling into the refrigerator in her apartment, there is no indication that that would be a deprivation that might cause death, degeneration, or extreme pain.

*Municipal Liability*. In order to hold a municipality liable for violations of civil rights under 42 U.S.C. §1983, a plaintiff must establish that the municipality itself was somehow at fault. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). A municipality cannot be held liable under §1983 under a theory of *respondeat superior*. *Id.* at 694-95. In order to state a successful *Monell* claim, a plaintiff must plausibly allege that her constitutional rights were violated by an employee of the municipality. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). As discussed above, plaintiffs have not adequately proven constitutional claims under Section 1983. Moreover, they have not adequately proven that any allegedly wrongful acts on the part of the individual defendants were the result of a failure to train.

*Infliction of Emotional Distress.* The "New York Court of Appeals has strongly cautioned against allowing emotional distress claims to be brought where other tort remedies are available." *Romero v. City of New York*, 839 F. Supp. 2d 588, 632 (E.D.N.Y. 2012). In this case it is clear that the alleged infliction of emotional distress falls within the ambit of the traditional tort remedy of malicious prosecution, and thus the infliction of emotional distress claim should be dismissed.

*Negligent Hiring, Training and Supervision.* "It is well settled under New York law that a claim for negligent hiring or supervision an only proceed against an employer for an employee acting outside the scope of her employment." *Newton v. City of New York*, 681 F. Supp. 2d 473, 488 (S.D.N.Y. 2010) (citation and internal quotes omitted). Plaintiffs have not adduced any evidence that the defendants were acting outside of the scope of their employment, which precludes this claim as a matter of law.

                                                     Respectfully submitted,

                                                          /s/
                                                Angharad Wilson
                                                *Senior Counsel*
                                                Special Federal Litigation Division

cc:     Robert Marinelli, Esq. (via ECF)
        *Attorney for Plaintiffs*
        305 Broadway, 9th Floor
        New York, NY 10007