UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANTHONY BEAUFORD, et al.,

                                        Plaintiff,

-against-

CITY OF NEW YORK, et. al.,

                                        Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**
**15-CV-05872**

       Defendants submit this statement pursuant to Local Civil Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, to set forth the material facts as to which movants, Defendants, contend there are no genuine issues to be tried:

       1.     On May 11, 2013, plaintiff Shauna Simmons was returning to her apartment from going to the store to get sandwiches when she witnessed an altercation occurring on Lorraine Street near her residence. (Exhibit A, Simmons Deposition, 18:9-19:3).

       2.     The altercation involved a number of individuals, including at least one man, two women, and some police officers. (Exhibit A, Simmons Dep. 19:10-16).

       3.     At the time plaintiff Simmons lived on 80 Bush Street in Red Hook, Brooklyn. (Exhibit A, Simmons Dep. 4:8-10).

       4.     As she was walking into her building, she encountered her son, Anthony Beauford and her boyfriend Arthur Lawyer standing outside of 80 Bush Street. (21:22-22:4).

5. A few minutes after plaintiff Simmons arrived in her apartment, there was a knock on her door, and two male police officers were at her door. (Exhibit A, Simmons Dep. 27:1-14).

6. The officers came into the apartment, in the process pushing plaintiff Simmons backwards into a freezer in her apartment. (Exhibit A, Simmons Dep. 36:17-37:13).

7. The officers searched the living room of the apartment, spoke to the occupants, and then left. (Exhibit A, Simmons Dep, 44:17-45:16).

8. After the officers left the apartment, plaintiff Simmons was taken by ambulance to Long Island College Hospital. (Exhibit A, Simmons Dep. 52:19-53:11).

9. Plaintiff Simmons did not ask any of the officers to call an ambulance for her (Exhibit A, Simmons Dep, 53:12-16).

10. Back at the precinct, Officer Wilson identified plaintiff Lawyer as the individual who took his badge from a number of photographs. (Exhibit E, District Attorney File).

11. While Simmons was at the apartment the officers returned to the apartment a second time. (Exhibit B, Beauford Dep, 45:8-21).

12. Plaintiff Beauford, his girlfriend, and their son were in the apartment at the time, but only Beauford was in one of the common areas of the apartment. (Exhibit B, Beauford Dep, 45:8-46:10).

13. When the officer returned to the apartment, they searched the apartment more thoroughly than the previous occasion, and recovered the missing badge and some marijuana from the apartment. (Exhibit B, Beauford Dep, 47:3-21).

14. Beauford was arrested after the badge and drugs were found in the apartment. (Exhibit B, Beauford Dep, 49:18-50:10).

- 3 -

15. The Kings County District Attorney's Office declined to prosecute the case against plaintiff Beauford. (Exhibit C, Decline to Prosecute Letter).

16. At the hospital, Simmons complained that she could not breathe and that her chest was hurting, and she was given an x-ray. (Exhibit A, Simmons Dep. 58:14-59:3).

17. She was released from the hospital and told to visit her primary care doctor. (Exhibit A, Simmons Dep. 60:4-10).

18. When Simmons arrived outside of her building she was arrested by two officers. (Exhibit A, Simmons Dep. 69:14-25).

19. She was told that she was under arrest for stealing a badge. (Exhibit A, Simmons Dep. 70:10-13).

20. Plaintiff Simmons was arraigned the following day and accepted an adjournment in contemplation of dismissal on May 12, 2013. (Exhibit A, Simmons Dep. 93:22-94:14).

21. Plaintiff Lawyer turned himself in to authorities on June 24, 2013. (Exhibit D, Amended Complaint, ¶ 33).

22. Officer Wilson identified plaintiff Lawyer from a line-up as the individual who took his badge. (Exhibit F, Line-up Report).

23. The charges against plaintiff Lawyer were dismissed when the grand jury in Kings County voted No True Bill. (Exhibit D, Amended Complaint ¶¶ 34-35).

- 4 -

Dated: New York, New York
June 15, 2018

        Respectfully submitted,

        ZACHARY W. CARTER
        Corporation Counsel of the City of New York
        *Attorney for City Defendants*
        100 Church Street
        New York, New York 10007
        (212) 356-2572
        awilson@law.nyc.gov

By:   /s/
        Angharad K. Wilson, Esq.
        Assistant Corporation Counsel