UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANTHONY BEAUFORD, et al.,

                                      Plaintiff,

-against-

CITY OF NEW YORK, et. al.,

                                     Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S RULE 56.1 COUNTER-STATEMENT**

**13-CV-7054 (LDH)(ST)**

------------------------------------------------------------------------ x

Defendants respond to plaintiff's statement of additional material facts, for purposes of their motion for summary judgment and no other purpose, as follows:

1. On May 11, 2013 P.O. James Wilson was involved in a physical altercation in the courtyard in front of 80 Bush Street (James Wilson Interview with CCRB, D22).

**DEFENDANTS' RESPONSE:**

**Undisputed.**

2. During this encounter, James Wilson lost his badge. (Id).

**DEFENDANTS' RESPONSE:**

**Object insofar as that the term "encounter" is vague as to the timing of the loss of P.O. Wilson's badge. Disputed insofar as that P.O. Wilson stated to CCRB that an individual, later identified as plaintiff Lawyer, walked up to him and stated, "You stupid cop, you lost it, I got it from you." (James Wilson Interview with CCRB, D22).**

3. Wilson did not see anyone take his badge. (Id).

**DEFENDANTS' RESPONSE:**

- 2 -

**Disputed insofar as that P.O. Wilson stated to CCRB that an individual, later identified as plaintiff Lawyer, walked up to him and stated, "You stupid cop, you lost it, I got it from you." (James Wilson Interview with CCRB, D22).**

4. On May 11, 2013 at or about 5:00 p.m., Simmons and Rudy Hall ("Hall") were returning to Simmons' apartment at 80 Bush, Apt. 3A ("Simmons's Apartment") after running errands (Defendants' Exhibit A, Simmons Dep. 16:9-12).

**DEFENDANTS' RESPONSE:**

**Disputed. The cited testimony does not support this contention.**

5. Around the same time, upon hearing a commotion, Lawyer and Beauford, who were in Simmons's apartment, came downstairs to meet Simmons (Defendants' Exhibit B, Beauford Dep, 34:15-23).

**DEFENDANTS' RESPONSE:**

**Disputed. The cited testimony stated that Beauford and Laywer went downstairs, "to make sure my mother's walking down the street and make sure she is all right."**

6. Hall and Simmons saw an altercation occurring in front of 80 Bush, and Simmons and Hall stopped to observe (Simmons Interview with CCRB, D17).

**DEFENDANTS' RESPONSE:**

**Undipsuted.**

7. Beauford and Lawyer were watching the altercation from a ramp in front of 80 Bush (Plaintiffs' Exhibit A, Lawyer Dep. 23:18-21).

**DEFENDANTS' RESPONSE:**

**Disputed. The cited testimony does not support this contention.**

8. A video was taken of the altercation. This video fairly and accurately portrayed the scene. Lawyer can be seen in the video on the ramp with Beauford, uninvolved in the altercation (Plaintiffs' Exhibit A, Lawyer Dep. 68:9-19).

**DEFENDANTS' RESPONSE:**

**Object insofar that Lawyer's testimony regarding the contents of the video is inadmissible at trial, in violation of Local Rule 56.1(b) and accordingly should be disregarded.**

9. Simmons, Lawyer, Hall, Beauford, went in to 80 Bush and into Simmons's apartment (Defendants' Exhibit A, Simmons Dep. 23:1-8).

**DEFENDANTS' RESPONSE:**

**Undisputed.**

10. Officers entered 80 Bush and began knocking on every door in the building (P.O. Healy's Interview with CCRB, D 21).

**DEFENDANTS' RESPONSE:**

**Undisputed.**

11. Hearing a knock, Plaintiff Shauna Simmons ("Simmons") opened the door (Defendants' Exhibit A, Simmons Dep. 24:3-15).

**DEFENDANTS' RESPONSE:**

**Undisputed.**

12. Simmons did not allow the officers in and closed the door (Defendants' Exhibit A, Simmons Dep, 24:22-25).

**DEFENDANTS' RESPONSE:**

**Disputed. P.O. Wilson stated during his CCRB Interview that a woman gave the officers permission to come inside. (James Wilson CCRB Interview, D22).**

13. A few minutes later, the officers again knocked on Simmons's (Defendants' Exhibit A, Simmons Dep. 26:23-27:24).

**DEFENDANTS' RESPONSE:**

**Disputed. P.O. Wilson stated during his CCRB Interview that a woman gave the officers permission to come inside. (James Wilson CCRB Interview, D22).**

14. Simmons told Lt. Paul Mckenna ("Mckenna") that they could not come in without a warrant. (Shauna Simmons's Interview with CCRB, D17).

**DEFENDANTS' RESPONSE:**

**Disputed. P.O. Wilson stated during his CCRB Interview that a woman gave the officers permission to come inside. (James Wilson CCRB Interview, D22).**

15. P.O. Brett Healy ("Healy") pushed past Mckenna, shoved Simmons with two hands and entered the apartment (Shauna Simmons's Interview with CCRB, D17).

**DEFENDANTS' RESPONSE:**

**Disputed. P.O. Wilson stated during his CCRB Interview that P.O. Healy did not push Simmons. (James Wilson CCRB Interview, D22).**

16. Simmons fell back into a refrigerator as a result of this shove (Id.).

**DEFENDANTS' RESPONSE:**

**Disputed. P.O. Wilson stated during his CCRB Interview that P.O. Healy did not push Simmons. (James Wilson CCRB Interview, D22).**

17. Mckenna approached Hall and demanded that Hall give him "the shield" (CCRB Interview with Rudy Hall, D18).

**DEFENDANTS' RESPONSE:**

**Objection insofar as this statement does not set forth additional facts that are material to the resolution of defendants' summary judgment motion, in violation of Local Civil Rule 56.1(b), and should be disregarded. Nonetheless, undisputed that Hall so stated to CCRB.**

18. Mckenna ordered Hall to stand, Hall complied (Id.).

**DEFENDANTS' RESPONSE:**

**Objection insofar as this statement does not set forth additional facts that are material to the resolution of defendants' summary judgment motion, in violation of Local Civil Rule 56.1(b), and should be disregarded. Nonetheless, undisputed that Hall so stated to CCRB.**

19. Mckenna put his hands in Hall's left front pants pocket, then his rear left pocket, followed by the rear right pocket and the front right pocket (Id.).

**DEFENDANTS' RESPONSE:**

**Objection insofar as this statement does not set forth additional facts that are material to the resolution of defendants' summary judgment motion, in violation of Local Civil Rule 56.1(b), and should be disregarded. Nonetheless, undisputed that Hall so stated to CCRB.**

20. Mckenna then frisked Hall (Id.).

**DEFENDANTS' RESPONSE:**

**Objection insofar as this statement does not set forth additional facts that are material to the resolution of defendants' summary judgment motion, in violation of Local**

**Civil Rule 56.1(b), and should be disregarded. Nonetheless, undisputed that Hall so stated to CCRB.**

21. Lawyer verbally objected to the officers' entrance and actions and forcefully asked the officers to leave the apartment. (Lawyer Interview with CCRB, D16).

**DEFENDANTS' RESPONSE:**

> **Undisputed that Lawyer so testified.**

22. Lawyer asked for the officers badge numbers (Id.).

**DEFENDANTS' RESPONSE:**

> **Objection insofar as this statement does not set forth additional facts that are material to the resolution of defendants' summary judgment motion, in violation of Local Civil Rule 56.1(b), and should be disregarded. Nonetheless, undisputed that Lawyer so stated to CCRB.**

23. Lawyer spoke directly with James Wilson, Mckenna, Sgt. Daniel Casella ("Casella"), and Healy for their badge numbers. (Id.).

**DEFENDANTS' RESPONSE:**

> **Objection insofar as this statement does not set forth additional facts that are material to the resolution of defendants' summary judgment motion, in violation of Local Civil Rule 56.1(b), and should be disregarded. Nonetheless, undisputed that Lawyer so stated to CCRB.**

24. Healy and Mckenna provided their names verbally (Id.).

**DEFENDANTS' RESPONSE:**

> **Objection insofar as this statement does not set forth additional facts that are material to the resolution of defendants' summary judgment motion, in violation of Local**

**Civil Rule 56.1(b), and should be disregarded. Nonetheless, undisputed that Lawyer so stated to CCRB.**

25. James Wilson is the officer who claims his badge was taken. (Id.).

**DEFENDANTS' RESPONSE:**

**Undisputed that the shield that was the subject of inquiry belonged to P.O. James Wilson.**

26. Lawyer asked James Wilson for his badge number (Id.).

**DEFENDANTS' RESPONSE:**

**Undisputed that Lawyer asked officers for shield numbers.**

27. James Wilson shouted in Lawyer's face "I don't have a badge." (Id.).

**DEFENDANTS' RESPONSE:**

**Disputed. P.O. Wilson said, "I don't have it [his shield] now because you took it." (Wilson CCRB Statement D22)**

28. Wilson did not identify Lawyer as the individual who allegedly stole his badge (Id.).

**DEFENDANTS' RESPONSE:**

**Disputed. P.O. Wilson informed Lawyer that he knew that Lawyer was the individual who stole his shield on the first occasion when the officers went inside the apartment. (Wilson CCRB Statement D22).**

29. Casella refused to provide any information (Id.).

**DEFENDANTS' RESPONSE:**

**Objection insofar as this statement does not set forth additional facts that are material to the resolution of defendants' summary judgment motion, in violation of Local**

**Civil Rule 56.1(b), and should be disregarded. Nonetheless, undisputed that Lawyer so stated to CCRB.**

30. Arthur Lawyer began taking photographs of the officers (Id.).

**DEFENDANTS' RESPONSE:**

 **Undisputed.**

31. James Wilson returned to the precinct and was shown Arthur Lawyer's photograph. Wilson was shown no other photographs (CCRB Interview with James Wilson at D156).

**DEFENDANTS' RESPONSE:**

 **Objection insofar as this statement does not set forth additional facts that are material to the resolution of defendants' summary judgment motion, in violation of Local Civil Rule 56.1(b), and should be disregarded. Nonetheless, undisputed that P.O. Wilson so stated to CCRB.**

32. Wilson was shown a photograph of Lawyer that was months or years old (Id.).

**DEFENDANTS' RESPONSE:**

 **Objection insofar as this statement does not set forth additional facts that are material to the resolution of defendants' summary judgment motion, in violation of Local Civil Rule 56.1(b), and should be disregarded. Nonetheless, undisputed that P.O. Wilson stated to CCRB that the photos may have been months or years prior.**

33. At approximately 9:30 p.m. Officer Thomas Jurewicz ("Jurewicz") and Detective Colin Wilson returned to Simmons's apartment (Anthony Beauford Interview with CCRB at D19).

**DEFENDANTS' RESPONSE:**

 **Disputed. The officers went to Simmons's apartment at approximately 8:30 p.m. (Jurewicz Dep. 12:17-23).**

34. Colin Wilson and Jurewicz were dressed in suits (Anthony Beauford Interview with CCRB at D19).

**DEFENDANTS' RESPONSE:**

**Object insofar as this statement does not set forth additional facts that are material to the resolution of defendants' summary judgment motion, in violation of Local Civil Rule 56.1(b), and should be disregarded. Nonetheless, undisputed that Beauford so stated to CCRB.**

35. Beauford opened the door to speak to them (Anthony Beauford Interview with CCRB at D19); (Defendants' Exhibit B, Beauford Dep. 45:22-46:2).

**DEFENDANTS' RESPONSE:**

**Disputed. Two African-American women answered the door. (Jurewicz Dep. 15:20-16:4).**

36. Immediately upon Beauford's opening of the door, Colin and Jurewicz pushed past Beauford (Anthony Beauford Interview with CCRB at D19).

**DEFENDANTS' RESPONSE:**

**Disputed. Two African-American women answered the door. (Jurewicz Dep. 15:20-16:4).**

37. Mckenna, James Wilson, and Healy, who were hiding around the corner, ran into the apartment once the detectives entered (Anthony Beauford Interview with CCRB at D19), (Defendants' Exhibit B, Beauford Dep. 46:3-7).

**DEFENDANTS' RESPONSE:**

**Undisputed that Beauford so testified.**

38. The officers put twist ties on Beauford's wrists and began searching the entire apartment (Defendants' Exhibit B, Beauford Dep. 46:8-10).

**DEFENDANTS' RESPONSE:**

**Undisputed that Beauford so testified.**

39. Beauford saw the officers enter Simmons's bedroom, then emerge claiming that they "found it" (Defendants' Exhibit B, Beauford Dep. 47:18-23).

**DEFENDANTS' RESPONSE:**

**Undisputed that Beauford so testified.**

40. Beauford did not see the officers recover anything (Defendants' Exhibit B, Beauford Dep. 49:13-17).

**DEFENDANTS' RESPONSE:**

**Undisputed that plaintiff Beauford so testified. However, object as this statement does not contain facts that are material to the resolution of defendants' summary judgment motion in violation of Local Civil Rule 56.1(b), and, accordingly, should be disregarded.**

41. Two of the officers that entered Simmons's room were James Wilson and Healy (CCRB Interview with James Wilson at D24).

**DEFENDANTS' RESPONSE:**

**Undisputed that P.O. Wilson and Healy entered Simmons's room.**

42. Beauford was escorted to a police vehicle (CCRB Interview with Anthony Beauford at D24).

**DEFENDANTS' RESPONSE:**

**Undisputed.**

43. Simmons was arrested in front of 80 Bush Street apartment building and taken to a police vehicle (Shauna Simmons CCRB Interview at D84).

**DEFENDANTS' RESPONSE:**

    **Undisputed.**

44. The old photograph from the police database was disseminated to the media and in print publications, along with Arthur Lawyer's name (Plaintiffs' Exhibit A, Lawyer Dep. 70:12-19).

**DEFENDANTS' RESPONSE:**

    **Undisputed that plaintiff Lawyer so testified. However, object as this statement does not contain facts that are material to the resolution of defendants' summary judgment motion in violation of Local Civil Rule 56.1(b), and, accordingly, should be disregarded.**

Dated:    New York, New York
           August 17, 2018

                                        Respectfully submitted,

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-2572

            By:                /s/
                                        Angharad K. Wilson, Esq.
                                        Senior Counsel