# ROBERT MARINELLI, ESQ.

Attorney At Law

305 BROADWAY
SUITE 1001
NEW YORK, NEW YORK 10007
(212) 822-1427

September 26, 2018

**By ECF**

Hon. LeShan DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

      Re:    Beauford et als v. City of New York, et al.,
              13 CV 7054 (LDH)(SJB)

Dear Judge Hall:

      I represent plaintiffs Shauna Simmons ("Simmons"), Anthony Beauford ("Beauford") and Arthur Lawyer ("Lawyer") in the above matter and write in brief response to defendants' request for a pre-motion conference concerning their contemplated motion for summary judgment. Plaintiff hereby withdraws his cause of action under *Monell* against the municipal defendant, denial of medical care, negligent hiring and retention and the malicious prosecution claims of plaintiffs Beauford and Simmons. As for the remaining claims, there are genuine issues of material fact and legal defenses that preclude summary judgment.

## Statement of Facts

      On May 11, 2013 at approximately 4:30 p.m. plaintiffs were within an apartment at 80 Bush Street in Brooklyn, New York.[1] Defendants, possessing neither a warrant nor probable cause, pushed their way inside plaintiffs' residence. In the process Simmons was forcefully shoved causing her already injured back to strike a kitchen appliance. Defendants, without probable cause, searched the apartment. No contraband was recovered. Each plaintiff strongly objected to the defendants' intrusion. Lawyer photographed certain offending officers.

      Plaintiffs learned that one of the defendants, James Wilson ("Wilson") had lost his police badge earlier that afternoon during a scuffle in the front courtyard. While in the apartment, Wilson spoke directly to all plaintiffs. Wilson did not identify Lawyer as the individual who took his badge. Later that afternoon, while looking through photos at the precinct, Wilson claims to

---

[1] Simmons and her son Beauford live at the address

have identified Lawyer by looking at his decade old photo of Lawyer.

The defendants returned to 80 Bush, and once again entered with neither a warrant nor permission. During defendants subsequent search defendants claim to have found a small amount of marijuana and Wilson's badge. Plaintiffs deny that these items were in their apartment.

Beauford, immediately, and Simmons, later that afternoon, were placed under arrest. Beauford was released from the precinct without charges, Simmons was processed through the system and received an adjournment in contemplation of dimissal at arraignment. Lawyer subsequently voluntarily surrendered. At arraignment, bail was set and Lawyer was sent to Rikers Island. Ultimately all charges against Lawyer were dismissed when the Grand Jury returned a "No True Bill."

## False Arrest

Defendants claim that they recovered a small quantity of marijuana and a missing police bag from plaintiffs' apartment. Defendants further aver that these items were found in "open view" Plaintiffs deny knowledge as to any of the purported contraband and deny involvement in any altercation with any defendant. Given Wilson's failure to identify Lawyer as the perpetrator immediately after the "badge" incident, his later purported identification of an old photo, the legitimacy of Wilson's line-up identification is highly questionable.  Accordingly, plaintiffs deny probable cause existed for their arrests.

As disputes of material fact exist, the claims of false arrest must be resolved by a jury.

## Malicious Prosecution

Only Lawyer continues to prosecute a malicious prosecution claim.

Defendants' anticipated motion is grounded on the assertion that because probable cause existed for Lawyer's arrest, Lawyer's claim for malicious prosecution must fail. As discussed above, Lawyer maintains that probable cause did not exist.

Accordingly, this issue must be resolved by a jury.

      Thank you for your consideration and plaintiff apologizes for the lateness of this submission.

                                                Respectfully submitted,

                                                /s

                                              Robert Marinelli

cc:    Angharad Wilson, ACC (By ECF)